

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1307 | **DATE** | September 13, 2001 |
| **CASE TITLE** | United States ex rel. Stanley Foules v. Thomas Roth | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Stanley Foules's petition for a writ of habeas corpus and his request for an evidentiary hearing [1-1] are denied ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | SEP 25 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | 9/13/01 date mailed notice | |
| KAM courtroom deputy's initials | | FILED FOR DOCKETING 01 SEP 24 PM 12: 51 Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

98-1307.011-JCD                                    September 13, 2001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. STANLEY FOULES, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 98 C 1307 |
| THOMAS P. ROTH, | )<br>) |
| Respondent. | ) |

**DOCKETED SEP 2 5 2001**

### MEMORANDUM OPINION

Before the court is Stanley Foules's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated in this opinion, the petition is denied.

### BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Stanley Foules was convicted of possession of cocaine with the intent to deliver. He was sentenced to 15 years imprisonment. Foules appealed his conviction on a number of grounds, and on December 30, 1993, the Illinois Appellate Court rejected Foules's arguments and affirmed his conviction. Rehearing was denied on February 16, 1994. People v. Foules, 258 Ill. App. 3d 645, 630 N.E.2d 895 (1st Dist. 1993). Foules petitioned the Illinois Supreme Court for leave to appeal. In June 1994, the Illinois



Supreme Court denied leave to appeal. People v. Foules, 156 Ill. 2d 561, 638 N.E.2d 1119 (1994).

Foules then filed a petition for post-conviction relief (the "PPCR"). Generally, he asserted that he had been denied effective assistance of counsel at trial, post-trial, at sentencing, and on appeal. He also claimed that his due process was denied by exclusion of certain evidence and that the sentence violated the constitutional prohibition against cruel and unusual punishment. The PPCR was denied without an evidentiary hearing, and Foules appealed. On August 23, 1996, the Illinois Appellate Court affirmed the trial court's judgment, and issued a modified order upon denial of rehearing on January 24, 1997. Foules filed a petition for leave to appeal the dismissal of the PPCR to the Illinois Supreme Court, which was denied on June 4, 1997.

On February 27, 1998, Foules filed the instant petition for a writ of habeas corpus. He sets forth four grounds for relief. First, he argues that his Sixth Amendment and Fourteenth Amendment rights were violated by the actions of his trial counsel. Second, Foules argues that he had ineffective assistance of counsel at sentencing. Third, he maintains that his Sixth Amendment and Fourteenth Amendment rights were violated by the actions of his counsel on direct appeal. Fourth, Foules argues that the sentence imposed violates his Eighth Amendment and Fourteenth Amendment

rights because it is excessive and amounts to cruel and unusual punishment.[1]

**DISCUSSION**

A federal court may grant a writ of habeas corpus when, under a state court judgment, a person is held in custody in violation of the United States Constitution. See 28 U.S.C. § 2254; Bocian v. Godinez, 101 F.3d 465, 468 (7th Cir. 1996). Before a federal court will consider the merits of a habeas petition, the applicant must exhaust the remedies available to him in state court. See 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). The applicant also must fairly present any federal claims in state court first, or risk procedural default. See Verdin v. O'Leary, 972 F.2d 1467, 1472-73 (7th Cir. 1992).

28 U.S.C. § 2254(d), which prescribes the treatment federal courts are to accord legal determinations by state courts, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on

---

[1] Although Foules states in his memorandum in support of his petition that he was deprived of the right to present defense evidence (Memorandum at 6), he does not develop this argument further, nor does he identify it as a ground for habeas relief elsewhere in his petition or supporting materials. Therefore, it is not properly asserted as an additional ground for habeas relief.

an unreasonable determination of the facts in light of
the evidence presented in the State court proceeding.

In interpreting this language, the Seventh Circuit has held that to secure a writ, a petitioner must show that the state court's decision was contrary to clearly established Supreme Court case law, or alternatively, that the state court's decision was an unreasonable application of Supreme Court case law. See Bocian, 101 F.3d at 471.

A.  **Alleged Ineffective Assistance at Trial**

Under the two-prong test for ineffective assistance of counsel, a defendant must show both that counsel's performance fell below an objective standard of reasonableness and that a reasonable probability exists that such performance would have altered the outcome. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Foules complains that his trial counsel (a) failed to submit evidence of applicable police department regulations requiring inventory of all property seized from arrested persons; (b) failed to move to dismiss the case based on such failure to retain crucial evidence; (c) failed to submit available expert medical evidence that, due to Foules's physical condition, he could not have held items in his lap in the manner the police testified he did; and (d) failed to present available evidence of Foules's reputation for honesty.

Foules first argues that his attorney erred by failing to impeach the testimony of two police officers by submitting certain

police department regulations regarding property inventory. The officers testified that they retrieved a black vinyl bag that was on Foules's lap. According to the officers, the bag contained a scale, a bottle of mannitol,[2] a pair of scissors, a plastic tube containing a white powder residue, and a plastic bag containing a white powdery substance later identified as cocaine. The officers testified that they did not inventory the black bag (without explaining why) and that they did not know what happened to the bag. The gist of the officers' testimony was that they inadvertently failed to retain and inventory the black bag.

Foules's position is that trial counsel should have impeached the officers' testimony by presenting available police department regulations showing that the officers' failure to inventory the bag could hvae subjected them to discipline. Foules submits those regulations as well as the Affidavit of Richard J. Brzeczek, a former Superintendent of the Chicago Police Department, who opines that the officers' actions violated two police department rules and that the officers could have been subject to disciplinary action. Foules also argues that counsel should have moved to dismiss the case based on the officers' failure to retain the bag.

In Foules's appeal from the denial of the PPCR, the state appellate court concluded that Foules had failed to establish that

---

[2] Mannitol is a substance used to "cut" cocaine. See People v. Foules, 630 N.E.2d at 901.

the police department rules necessarily required the officers to inventory the black bag. The court was not persuaded that, had trial counsel made a point of the police department regulations, the outcome of the trial would have been different.

Foules has given us no basis for disagreeing with the appellate court's conclusion. Even assuming that the officers' actions would have subjected them to disciplinary action pursuant to police department regulations, we do not believe that submitting the regulations as evidence would have impeached the officers' testimony significantly, if at all. While the officers did not retain the black bag, they did seize drugs and drug paraphernalia from Foules. Foules's contention that the police department regulations and the failure to seize the bag were "crucial matters affecting credibility" is simply incorrect. He argues that the officers' testimony cannot be believed because they failed to inventory the bag. This argument is a non sequitur because the officers' failure to inventory the bag does not tend to show that they were being untruthful regarding its contents. Similarly, moving to dismiss the case based on the failure to inventory the bag would likely have been futile. As the appellate court pointed out, "[h]ere, no evidence was destroyed and the black bag was not central to establishing defendant's possession of the seized cocaine." (Modified Order Upon Denial of Rehearing at 10.) Accordingly, we do not believe that trial counsel's failure to

submit the police department regulations or to move to dismiss the case was unreasonable. Moreover, there is no reasonable probability that had trial counsel presented the police regulations or moved to dismiss based on the failure to inventory the black bag, the outcome of the proceeding would have been any different. Therefore, Foules suffered no prejudice.

Foules also contends that trial counsel should have submitted available expert medical evidence that, due to Foules's physical condition, he could not have held an item such as the black bag in his lap in the manner described by police. Foules attaches affidavits from a physician, Kate H. Kohn, M.D., and a professor/researcher, Daniel Graupe, Ph.D., who were acquainted with Foules through his participation in a research program on functional electrical stimulation at Michael Reese Hospital in Chicago. The goal of the program was to develop a patient-operated system to allow complete paraplegics like Foules to stand and walk for short distances without assistance. Kohn states that Foules "is a complete paraplegic" who "was not able to sit still for any length of time due to spastic jerking of his legs." Graupe states that Foules is a "complete paraplegic who has no sensation or movement below T-7 spinal level (Thoracic level)."

The state appellate court, assuming <u>arguendo</u> that trial counsel should have attempted to admit this information into evidence, concluded that the failure to do so did not result in any

prejudice to Foules. The court reasoned that the Kohn Affidavit merely indicates that Foules had difficulty sitting still for any length of time because of leg spasms, but that there is no indication as to the frequency or duration of the spasms. In addition, the court noted, the affidavits do not state that the spasms were so severe that defendant could not hold items on his lap. Foules offers us no reason to find that this conclusion was an unreasonable application of federal law, or even a reason to disagree with the state court's analysis, and we find none.

Foules also claims that trial counsel was ineffective for failing to present the Kohn and Graupe Affidavits to show Foules's reputation as a law-abiding citizen. The Graupe Affidavit, which the Kohn Affidavit adopts, includes remarks about Foules's reliability and reputation in the community for honesty. Foules contends that the failure to present this evidence is not attributable to trial strategy.

The state appellate court disagreed, noting that if trial counsel had introduced this evidence, the state would have been allowed to rebut it by offering contrary evidence regarding Foules's character. The court concluded that, even assuming that such evidence could have been introduced to support Foules's credibility, it would not have persuaded the jury to disbelieve the testimony of the two police officers who stated that Foules possessed drugs and drug paraphernalia.

We agree with the appellate court. Generally, defense counsel's decisions concerning which witnesses to call at trial and what evidence to present on a defendant's behalf are viewed as matters of trial strategy and should not be second-guessed by a reviewing court. See People v. Madej, 177 Ill. 2d 116, 148-49, 685 N.E.2d 908, 924 (1997); People v. Goodloe, 263 Ill. App. 3d 1060, 1073, 636 N.E.2d 1041, 1050 (1st Dist. 1994); see also Lowery v. Anderson, 225 F.3d 833, 843 (7th Cir. 2000). We cannot say that trial counsel's decision to forego presentation of this evidence was objectively unreasonable. Moreover, even if we were to find unreasonable trial counsel's decision not to present the affidavits, we cannot say that the absence of this evidence, considered in light of the record as a whole, undermines our confidence in the trial's outcome.

B. **Alleged Ineffective Assistance at Sentencing**

Foules argues that counsel at sentencing (a) failed to present mitigating evidence regarding Foules's volunteer work at Michael Reese Hospital; (b) failed to adduce available medical evidence related to Foules's paraplegic condition and the severe pain and suffering that would result from incarceration; and (c) failed to present evidence demonstrating that a 15-year sentence is inconsistent with sentences imposed in similar cases.

The state appellate court on post-conviction review found "little merit" to these contentions. The court stated that a

review of the sentencing hearing transcript revealed that defense counsel presented thirteen witnesses and two affidavits in mitigation. Additionally, counsel had argued at sentencing that incarceration would be detrimental to Foules because of his health problems, which were mentioned in the presentence investigation report. The court also noted that "specific information regarding defendant's volunteer work was brought out at trial as was information concerning his health and the affect [sic] incarceration would have on him." (Modified Order Upon Denial of Rehearing at 14.) Furthermore, the court explained, trial counsel could not have been expected to argue prior to the imposition of sentence that Foules's sentence was disproportionate to others who were similarly situated. Accordingly, the court concluded, "defense counsel's performance at sentencing was reasonable." (Id.)

We have reviewed the record, and we believe that the appellate court's conclusion was not an unreasonable application of law nor an unreasonable view of the facts. The trial court had been made aware of Foules's prior volunteer work at Michael Reese Hospital, and counsel argued at sentencing that Foules's health problems were also a mitigating factor. Specifically, defense counsel argued that, because of Foules's medical condition, "[a] term of six years for Mr. Fowles [sic] could be equated to a much longer term for someone else." (Sentencing Hearing Transcript at 20.) Moreover,

we agree with the appellate court that prior to the imposition of sentence, counsel could not have been expected to argue that Foules's sentence was disproportionate to the sentences of others who were similarly situated.

C.  **Alleged Ineffective Assistance on Appeal**

Foules contends that appellate counsel should have raised claims that trial counsel was ineffective (for the reasons discussed supra) and that Foules was denied due process when the court excluded evidence that Foules's physical condition would not have permitted him to hold the black bag in his lap as described by police.

Regarding ineffective assistance of trial counsel, the principal arguments Foules contends should have been made to the Appellate Court are the ones we have just rejected. In our view, none of these arguments would have had any reasonable prospect of success on appeal. Thus, we conclude that Foules has failed to show that his appellate counsel was ineffective for failing to raise the issue of ineffective trial counsel, or that he was prejudiced by that failure.

Foules also contends in a conclusory way that appellate counsel should have argued that Foules was denied due process when the trial court excluded testimony from a lay witness that he had seen Foules's legs shake in the past and that such spasms would not permit him to hold the black bag in his lap as testified to by

police. Foules presented this argument to the appellate court on post-conviction review, which did not address the issue directly. The trial court rejected the argument that the lay witness should have been allowed to testify about Foules's leg spasms, stating that the lay witness was not there at the time of Foules's arrest and could not know whether his legs were shaking then. Defense counsel stated, "He shakes all the time." The trial court responded, "I have not observed him shaking all the time." Moreover, the trial court noted that because Foules was going to testify, he himself could testify as to his physical condition at the time of arrest and whether his legs were shaking such that he could not hold a bag on his lap. (Trial Record at 575-78.)

Foules neither develops this argument nor cites supporting case law, and offers us no reason to find that appellate counsel was ineffective for failing to raise this issue. We do not believe that the court's determination was a violation of due process, and we do not believe that this argument would have had any reasonable prospect of success on appeal.

D. **Alleged Excessive Sentence**

Foules argues that the state courts violated the Eighth Amendment's prohibition against cruel and unusual punishment by imposing a 15-year sentence for his conviction of possession of cocaine with the intent to deliver. He bases this claimed constitutional violation on Solem v. Helm, 463 U.S. 277 (1983), in

which the Supreme Court held that a sentence may violate the Eighth Amendment if it is significantly disproportionate to the crime for which it is imposed.

In Harmelin v. Michigan, 501 U.S. 957 (1991), a divided Supreme Court expressed differing opinions about whether Solem remains good law.[3] The Seventh Circuit recently addressed Harmelin and Solem in Henry v. Page, 223 F.3d 477 (7th Cir. 2000). The court recognized "some degree of sentencing proportionality in the Eighth Amendment," but reiterated its previous holding that "in non-capital felony convictions, a particular offense that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion." Henry, 223 F.3d at 482.

Here, under the applicable sentencing statute, the trial court could have sentenced Foules to a term of imprisonment of six years to thirty years. See 730 ILCS 5/5-8-1(a)(3) (providing sentencing range for Class X felonies). Thus, Foules's sentence was well within the limits set by Illinois law; indeed, it was 15 years less than the maximum sentence for the possession of more than 15 grams, but less than 100 grams, of cocaine. See Ill. Rev. Stat., ch. 56

---

[3] In Harmelin, the Supreme Court held that a mandatory life sentence without possibility of parole imposed for a first offense of possession of 672 grams of cocaine was not cruel and unusual punishment within the meaning of the Eighth Amendment. 501 U.S. at 994-96.

½, ¶ 1401(a)(2)(A) (West 1991).[4] We find no basis upon which to conclude that the sentencing court abused its discretion.

Foules contends that his sentence was nonetheless "grossly disproportionate" to the crime he committed because of his medical condition and the purported lack of proper facilities in the Illinois penitentiary system to provide adequately for his treatment and care, and because he received a greater sentence than did others convicted of the same crime.

The reasoning underlying Harmelin requires us to reject Foules's arguments. First, a majority of the Court in Harmelin concluded that the Eighth Amendment requires individualized sentencing only in capital cases. See Harmelin, 501 U.S. at 994-96; 1006-08. Just as Harmelin was not constitutionally guaranteed a sentencing procedure that gave him credit for his lack of prior felony convictions, see id. at 994-96, Foules was not guaranteed sentencing that considered possible mitigating circumstances such

---

[4]/ The circumstances of the offense were as follows: According to two Chicago police officers, Foules was sitting in a parked car with two other men on Thanksgiving Day, November 22, 1990. The officers decided to make an investigatory stop because they observed two of the men drinking from what they believed to be cans of beer. As the officers walked toward the parked car, they could see through the rear window of the vehicle that the front seat passenger, who was eventually identified as Foules, had a scale on his lap, and the scale had a purple cup with white powder in it. The car suddenly drove away; the officers ran back to their squad car and gave chase. At one point, they noticed that the front seat passenger threw something purple from the window, accompanied by a puff of white powdery "smoke." When the officers eventually stopped the car, they saw a white powdery substance covering Foules's clothes and the interior of the car near the window. In addition, parts of a gram scale and a black bag containing another gram scale, a bottle of mannitol, a pair of scissors, a plastic tube containing cocaine residue, a plastic bag containing cocaine, and $458 consisting primarily of $5 bills were found in Foules's lap. See People v. Foules, 258 Ill. App. 3d 645, 630 N.E.2d 895, 897 (1st Dist. 1993).

as his medical condition. Second, the Court indicated that "intrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Id. at 1005 (Kennedy, J., concurring in part). Comparing Foules's crime to the sentence imposed, we cannot say that the sentence on its face was "grossly disproportionate." Accordingly, we need not compare Foules's sentence with those received by others convicted of the same offense.

## CONCLUSION

None of the alleged grounds for relief raised by Stanley Foules is meritorious, and none requires an evidentiary hearing. Accordingly, his petition for a writ of habeas corpus and his request for an evidentiary hearing are denied.

DATE:    September 13, 2001

ENTER:    _____
         John F. Grady, United States District Judge